UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.  10-20031-CIV-COOKE/BANDSTRA

ERKAN TOK,

    *Plaintiff*,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    *Defendant*.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter is before me on Plaintiff's Motion to Remand [D.E. 8] and Defendant's Response in Opposition [D.E. 13]. I am granting Plaintiff's Motion.

### *I. BACKGROUND*

Plaintiff, Erkan Tok, filed this action against Defendant, Royal Caribbean Cruises, Inc., in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida on February 11, 2009.  Plaintiff's Complaint alleges that he suffered back injuries while working as a waiter on board one of Defendant's cruise ships.  Plaintiff signed an Employment Agreement with Defendant which incorporated the terms of a Collective Bargaining Agreement ("CBA").  The CBA contained an arbitration provision pursuant to the Convention on Recognition and Enforcement of Foreign Arbitral Awards. *See* 9 U.S.C. § 202.

Defendant filed a motion to dismiss Plaintiff's Complaint that was eventually withdrawn by Defendant. Thereafter, Defendant answered the Complaint and asserted twenty-four affirmative defenses. Plaintiff entered a Reply and requested a trial date. The court issued an order setting the case for trial on February 15, 2010.

The parties filed various motions while this action was pending in state court. The parties also exchanged discovery requests and witness disclosures. One of Plaintiff's discovery requests, served on July 9, 2009, asked Defendant to produce "[a]ny and all documents containing any collective bargaining agreement or arbitration agreement." On August 20, 2009, Defendant answered stating that it had "none at this time." The paper copy of Plaintiff's Employment Agreement was eventually located on January 4, 2010.

The Defendant issued a Notice of Taking Deposition setting the Plaintiff's deposition on January 15, 2009. Plaintiff, who resides in Turkey, had to obtain a visa in order to travel to Miami for his deposition. Plaintiff's visa was granted on January 6, 2010. The same day, Defendant removed the case.

## II. LEGAL STANDARD

The right to arbitration can be waived just like any other contract right. *See Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986). In considering the issue of waiver, the court looks to the "totality of the circumstances" to see if the party invoking arbitration "has acted inconsistent with the arbitration right." *S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (internal citations and quotations omitted). Although there is a strong federal policy in favor of arbitration, *Moses H. Cone Mem'l Hosp. v. Mercury Contstr. Corp.*, 460 U.S. 1, 24 (1983), "a party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate." *S & H Contractors, Inc.*, 906 F.2d at 1514 (internal citations and quotations omitted). "Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party." *Morewitz v. West*

*England Ship Owners Mut. Prot. and Idem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995). Prejudice may be show by "the length of delay in demanding arbitration and the expense incurred by [the opposing] party from participating in the litigation process." *S & H Contractors, Inc.*, 906 F.2d at 1514.

### *III. ANALYSIS*

Plaintiff argues that Defendant waived its right to arbitration. I agree because Defendant's conduct in state court was inconsistent with its right to arbitration and prejudicial to Plaintiff. Defendant actively litigated this case for eleven months before invoking its right to arbitrate. When litigation approaches one year, the Eleventh Circuit and this Court have found waiver appropriate. *See, e.g., S & H Contractors, Inc.*, 906 F.2d at 1514 (eight months); *Lawrence v. Royal Caribbean Cruises, Inc.*, 09-20930-CIV-COOKE, 2009 WL 4546633, at *3 (S.D. Fla. Nov. 30, 2009) (seven months). Defendant demonstrated a willingness to invoke the "litigation machinery" during those eleven months. The parties filed various motions and requests for discovery. Defendant moved to dismiss Plaintiff's complaint in state court. Defendant eventually answered the Complaint and asserted twenty-four affirmative defenses. This conduct reveals Defendant's inclination to resort to litigation, not arbitration.

Defendant's conduct was also prejudicial to Plaintiff. Demanding arbitration when trial is set and preparations are underway is prejudicial to the opposing party. *Skordilis v. Celebrity Cruises, Inc.*, 08-229345-CIV, 2009 WL 129383, *3 (S.D. Fla. Jan. 16, 2009) (finding that the defendant's abrupt demand for arbitration on the eve of trial after fifteen months of litigation was prejudicial to the plaintiff). In the instant case, removal occurred a mere six weeks before trial was set to begin. Delay in demanding arbitration is prejudicial to the opposing party because it

3

"allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz*, 62 F.3d at 1366.  Here, Defendant's own error extended this litigation and forced Plaintiff to incur additional expenses. On July 9, 2009, Plaintiff requested from Defendant "[a]ny and all documents containing any collective bargaining agreement or arbitration agreement."  The Employment Agreement, which contained the relevant arbitration clause, was not produced by Defendant until January 4, 2010. Thus, Defendant's failure to locate the Employment Agreement extended this litigation by an additional six months, resulting in additional costs to Plaintiff.

Relying on *Lejano v. K.S. Bandak*, 00-2990-CIV, 2000 WL 33416866 (E.D. La. Nov. 3, 2000),  Defendant argues that the state court litigation was not excessive in the instant case.  In *Lejano*, the court denied the plaintiff's motion to remand even though trial was one month away. The court held that removal was timely under 9 U.S.C. § 205, which allows defendants to remove "at any time before trial."  However, when the decision in *Lejano* was made, the court had not considered the defendants' motion to stay pending arbitration.  *Id.* at *4 ("The court . . . reserves the question of whether this action must be stayed pending arbitration").  Thus, only the issues pertinent to removal, not waiver, were addressed by the court in *Lejano*.  The timeliness of removal and waiver are two distinct issues that need to be addressed separately.  A party can waive its right to arbitrate even if it is entitled to remove pursuant to 9 U.S.C. § 205 because 9 U.S.C. § 203 denies a party the right to arbitrate if it is in "default."  The term "default" used in § 203 is analogous to the term "waiver" used by the case law on this subject.  *Morewitz*, 62 F.3d at 1366 n.16. Therefore, the *Lejano* decision does not support Defendant's argument because that case did not discuss the prejudicial effect of that defendant's delay in demanding arbitration—a

4

factor critical in any waiver analysis.

Unlike the court in *Lejano*, I am prepared to resolve the issue of waiver in this Order after reviewing Defendant's Motion to Compel Arbitration and to Dismiss [D.E. 4]. Based on the totality of the circumstances, I find that Defendant substantially invoked the litigation machinery in a manner inconsistent with its arbitration right. Defendant's active, eleven-month long litigation was also prejudicial to Plaintiff.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion to Remand [D.E. 8] is **GRANTED.** Defendant's Motion to Compel Arbitration or to Dismiss [D.E. 4] is **DENIED.**

**DONE AND ORDERED** in Chambers, Miami, Florida this 9thday of April 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:

The Honorable Ted E. Bandstra

All counsel of record